Chief Judge Fuld.
On February 2, 1960, after having dinner
together, the plaintiff, Yvonne Mitchell, her escort, Robert Taylor, and another couple drove to The Shoals, a restaurant on Staten Island, at about 9:00 p.m. for “ a few drinks ’ ’ and some dancing. Between dances, they had their drinks. Miss Mitchell, after consuming several, passed out and remained asleep for the rest of the evening. Taylor, who was on a diet of “ double ” bourbons “straight”, became drunk and noisy. At one point, after he had fallen to the floor, the bartender was *340 told not to let him have anything more to drink. Despite this admonition and Taylor’s obviously intoxicated condition, the bartender — responding with “don’t bother me; he is having a good time # * * let him enjoy himself”—served him three or four more double straight bourbons. The two couples left the restaurant at about 1 o’clock in the morning. The plaintiff, still asleep, was assisted to the car and placed in the front seat and Taylor, not to be dissuaded from driving, got behind the wheel and drove off. He apparently lost control of the car some nine miles from the restaurant; it left the roadway and crashed into a building. He was killed and the plaintiff was seriously injured. She brought this action for damages, under New York’s version of the “Dram Shop Act ” (Civil Eights Law, § 16, now General Obligations Law, § 11-101), against the defendant restaurant. The jury returned a verdict in her favor, and a divided Appellate Division affirmed the resulting judgment.[1]
The Alcoholic Beverage Control Law renders it a crime for any person to sell or deliver any alcoholic beverage to one who is intoxicated or under the influence of liquor (§§ 65, 130, subd. 3), and section 16 of the Civil Eights Law, as it read in 1960, recited in part that
“ Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”
Although the statute — its forerunner goes as far back as 1873 (L. 1873, eh. 646; see Note, 8 Syracuse L. Eev. 252)—does not give the inebriated person a cause of action if he is himself *341 injured (see Moyer v. Lo Jim Cafe, 19 A D 2d 523, affd. 14 N Y 2d 792; Scatorchia v. Caputo, 263 App. Div. 304), it does entitle any one else injured “by reason of the intoxication ” of such person to recover damages from the party dispensing the liquor. There is no justification, either in the language of the legislation or in its history, for exonerating the latter simply because he had also served, and brought about the inebriety of, the third person who was hurt. As long as the latter does not himself cause or procure the intoxication of the other, there is no basis, under the statute, for denying him a recovery from the party unlawfully purveying the liquor.
In the case before us, the plaintiff had herself become drunk while drinking with Taylor but she had not, in any sense, caused or procured his intoxication. She had neither purchased the drinks nor encouraged him to take more than he could weather. The plaintiff had simply had a few drinks and passed out before her escort’s inebriacy became really serious. This did not amount to a guilty participation in his intoxication. To deny her a remedy because her own alcoholic capacity was limited would impair, if not go a long way toward defeating, the purpose of the statute.
In two or three states, the courts have held that the plaintiff’s mere participation in drinking with the person whose drunkenness caused the injury may be sufficient to prevent recovery under the Dram Shop Acts of those states. (See, e.g., Holcomb v. Hornback, 51 Ill App 2d 84; Guardado v. Navarro, 47 Ill App 2d 92, 96; Morton v. Roth, 189 Mich. 198, 202.) We need not, and do not, go that far. It is our view that the injured person must play a much more affirmative role than that of drinking companion to the one who injures bim before he may be denied recovery against the bartender or tavern keeper who served them. The plaintiff before us comes within the coverage of the statute and the defendant was properly held accountable.
It is only necessary to add that, although the trial court was in error in casting its charge in terms of contributory negligence on the part of the plaintiff, it is apparent from what has already been written that the error was harmless and may be disregarded (CPLR 2001, 2002).
The order appealed from should be affirmed, with costs.
*342 Judges Burke, Bergan and Keating concur with Chief Judge Fuld; Judges Van Voorhis and Scileppi dissent and vote to reverse and to dismiss the complaint upon the dissenting opinion at the Appellate Division; Judge Breitel taking no part.
Order affirmed.

. The verdict was for $30,000; however, since the plaintiff had settled her claim against Taylor’s estate for $6,000, the judgment was reduced, by that amount, to $24,000.