David O. Boehm, J.
This action was brought to recover damages for grievous injuries suffered by William C. Harris in a one-car accident which occurred about 1:20 a.m., April 8, 1972, on Route 14 in Ontario County. The car in which he was riding as a passenger went off the right shoulder of the road and, according to the police investigation, traveled 360 feet, spun around and skidded 275 feet backwards across both lanes, struck a tree on the left side of the road, rupturing the gas tank and burst into flames. The owner and operator of the car, Martin Arndt, a friend of the plaintiffs, and another passenger, Allen Chilson, Jr., suffered multiple burns.
William C. Harris, in addition to burns, also fractured his back and neck and is now virtually a paraplegic. He is the sole plaintiff as the action of the coplaintiff, Betty Harris, was discontinued at trial.
The case was tried without a jury and the proof was principally submitted on the depositions of both parties. The facts are not disputed. The only one to give evidence regarding the happening of the accident and the events preceding it was the plaintiff.
Plaintiff and his two companions, Arndt and Chilson, by previous arrangement met at a tavern in Waterloo in Seneca County at approximately 7:30 p.m. on April 7, 1972. When plaintiff arrived at the tavern, called "Charlie’s”, Arndt and Chilson were already there and told the plaintiff that they had previously been at another tavern where they had consumed alcoholic beverages. They remained at Charlie’s for approximately one and a-half hours, leaving shortly after 9 p.m., and while there both plaintiff and Arndt consumed approximately five beers, the three taking turns buying for each other.
*628 Shortly after 9 p.m. they left Charlie’s and Arndt drove Chilson and the plaintiff in Arndt’s automobile to the Grist Mill in Alloway, Wayne County. They arrived there at approximately 9:30 p.m. and remained until 1 a.m., April 8, 1972. The three men continued buying drinks for each other, with Arndt and plaintiff each having mixed drinks or highballs, about one every half hour.
That evening, being a Friday, there was a band playing and a rather large crowd in attendance. In addition to the defendant, then the owner of the Grist Mill, there were other employees present, a man working at the door, a waitress and a bartender.
Although neither plaintiff nor the defendant recalls seeing each other at the Grist Mill that evening, this is immaterial for the purposes of the lawsuit because defendant’s responsibility could also be based upon vicarious liability.
The complaint alleges negligence of the defendant but also makes out a cause of action under subdivision 1 of section 11-101 of the General Obligations Law which provides: "Any person who shall be injured in person, property, means of support, or otherwise, by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.”
As the plaintiff correctly points out, reference must also be made to subdivision 2 of section 65 of the Alcoholic Beverage Control Law to determine what unlawful selling is. This section prohibits the sale of alcoholic beverages to, among others, "any intoxicated person or to any person, actually or apparently, under the influence of liquor”.
It is not necessary for the plaintiff to show that Arndt’s intoxication was due solely to the alcoholic drinks consumed at the Grist Mill, the cases holding that it is enough if the liquor sold or furnished contributed in any degree to the intoxication (Lawson v Eggleston, 28 App Div 52, affd without opn 164 NY 600).
A harder question is whether or not the plaintiff must also prove that the defendant knew that Arndt, as the person who *629 caused the injury, was intoxicated at the time of the sale. Intoxication at that time need not be shown directly but may be proven circumstantially. Thus, if an accident occurs quite soon after one is drinking and he is shown to be intoxicated at the time of the accident, this would be sufficient to give rise to a reasonable inference that he was also intoxicated at the time of drinking (Lawson v Eggleston, supra; McNally v Addis, 65 Misc 2d 204).
But is it necessary to prove that the defendant or his employees had knowledge or notice of Arndt’s intoxication at the time of the sale, assuming he was intoxicated then? There is strong authority that a showing of such intoxication is required and that the seller must have notice "by means of objective outward appearances, for the sale to be unlawful and, hence, within the Dram Shop Act.” (McNally v Addis, 65 Misc 2d 204, 216, supra.)
As to this, there is no direct proof of Arndt’s intoxication prior to the accident. Plaintiff testified that while at the Grist Mill, Arndt did not appear to be intoxicated and that he did not seem to be under the influence of liquor even after they left the Grist Mill, got into Arndt’s car and drove off. Arndt’s inebriated state was first brought home to the plaintiff when Arndt had difficulty backing the car up the hill from the Grist Mill. He them began laughing "like hell”.
There is no evidence at all to show knowledge, if knowledge is required, by either the defendant or his employees that Arndt was under the influence of liquor at the Grist Mill. Does this therefore exonerate the defendant? We need not respond to this question because the lawsuit may be decided on another ground.
It is the general rule that an injured party who actively causes, procures or encourages the intoxication of the person responsible for the accident is precluded from recovering under a dram shop statute against the one who actually sold or furnished the liquor (Ann., 26 ALR3d 1112, 1117).
Although there is less general agreement as to what constitutes such procurement or encouragement, in New York the rule is now settled that the mere participation of the plaintiff in drinking intoxicants with the person causing the injury will not bar recovery. "We need not, and do not, go that far,” the Court of Appeals said in Mitchell v Shoals, Inc. (19 NY2d 338, 341). "It is our view that the injured person must play a much more affirmative role than that of drinking companion to the *630 one who injures him before he may be denied recovery against the bartender or tavern keeper who served them.”
What appears to be required in New York is the actual procurement of the liquor for the one causing the injury or the encouragement of its consumption by him (Elliott v Barry, 34 Hun 129). That being the case, who should have the burden of proving that the plaintiff actually bought drinks for Arndt? The plaintiff argues that this is the defendant’s burden and that the proof as to this is insufficient because the plaintiff’s testimony of what occurred that evening is unclear, being based more upon assumption than upon actual recollection.
Such a defense is new matter in avoidance and may not be proven under a general denial (5 Carmody-Wait 2d, New York Practice, § 30:44). Although the defendant’s answer does not contain this as a separate defense, plaintiff has indicated that he would have no objection to the answer being amended, and the same is deemed amended accordingly.
Turning then to the question of burden of proof, we recall it was necessary up to September 1, 1975 for a plaintiff in a personal injury case to prove his own freedom from contributory negligence. But this rule would not seem to apply in a dram shop action since here contributory negligence is not a defense. We may be guided by new article 14-A of the CPLR (L 1975, ch 69), the new comparative negligence law. Section 1412 of the new article requires a defendant to both plead and prove any culpable conduct claimed in diminution of a plaintiff’s damages. This follows rule 8 of the Federal Rules of Civil Procedure (8[c]) and is in accordance with "the majority rule in this country that in all negligence actions * * * the defendant claiming contributory negligence of the plaintiff has the burden of showing it” (Rossman v La Grega, 28 NY2d 300, 304). Therefore, the plaintiff’s position that the burden of proving that the plaintiff encouraged or contributed to Arndt’s intoxication should be imposed upon the defendant would appear to be the correct one. The statute being remedial, it should be the defendant’s obligation to deprive the plaintiff of its benefit.
However, this burden has been met by the plaintiff’s own testimony which, although imprecise, is nevertheless sufficient to convince by a fair preponderance of the credible evidence that he not only participated in drinking alcoholic beverages with Arndt but, by sharing the purchase of rounds of drinks, he also encouraged and procured the intoxication of Arndt. *631 The plaintiff’s action must fail on this basis. It therefore becomes unnecessary to decide whether, as a matter of law, it was necessary for the defendant or his employees to have had knowledge or notice of Arndt’s intoxication.
Accordingly, judgment is awarded in favor of the defendant and plaintiff’s complaint is dismissed.