■ JAMES DAVIS, Appellant, v BAMBOO 234 RESTAURANT CORPORATION, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 11, 1975, which reversed a judgment of the Civil Court of the City of New York, Kings County, entered April 16, 1973, which was in favor of the plaintiff upon a jury verdict, and ordered a new trial. Order reversed, on the

law, with costs in this court and with $25 costs and disbursements in the Appellate Term, and judgment of the Civil Court reinstated. The plaintiff-appellant, who was the sole witness to testify to the incident, stated that while he was a patron in the defendant-respondent's bar, he was injured by an intoxicated patron after the bartender had served the latter with liquor, notwithstanding the bartender's expressed opinion that the other patron was already drunk. The jury returned a verdict in favor of the plaintiff under the Dram Shop Act (General Obligations Law, § 11-101, subd 1; see, also, Alcoholic Beverage Control Law, § 65, subd 2; *Mitchell v The Shoals, Inc.,* 19 NY2d 338). The Appellate Term reversed the judgment of the Civil Court and ordered a new trial on the ground that the verdict was against the weight of the credible evidence, stating: "Plaintiff's own state of intoxication negates his observations as to the intoxicated condition of the unknown patron. A finding that this incident was caused by the intoxicated condition of the unknown patron was, therefore, against the weight of the credible evidence." The weight and sufficiency of the evidence of the plaintiff's intoxication for impeachment purposes was for the jury to determine (see Ann., 8 ALR3d 749, 756–757). In our opinion, the verdict was not against the weight of the evidence. Gulotta, P. J., Rabin, Titone and Mollen, JJ., concur.