■ RICHARD VANDENBURG, Appellant, v TIMOTHY BROSNAN et al., Defendants, and SOUTHLAND CORP., Doing Business as SEVEN-ELEVEN, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 13, 1986, which granted the corporate defendant's motion for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

This action arises out of a one-car accident during which the plaintiff sustained serious injuries while a passenger in an automobile driven by the minor defendant Anthony Fazio

after both parties had consumed beer which the plaintiff allegedly bought from the corporate defendant.

Given the fact that the plaintiff procured the alcoholic beverage for the person whose intoxication allegedly caused the accident, he has no cognizable cause of action predicated upon a violation of the Dram Shop Act *(see,* General Obligations Law § 11-101; Alcoholic Beverage Control Law § 65; *see, Harris v Hurlburt,* 83 Misc 2d 626, 629; *cf., Mitchell v The Shoals, Inc.,* 19 NY2d 338).

We also find that the plaintiff has no viable cause of action against the corporate defendant predicated upon common-law negligence. Our courts have generally declined to impose liability upon dispensers of alcoholic beverages for the injuries of voluntarily intoxicated customers on the ground that the dispenser owes no duty to protect the consumer from the results of the latter's voluntary intoxication *(see, Reuter v Flobo Enters.,* 120 AD2d 722; *Allen v County of Westchester,* 109 AD2d 475, *appeal dismissed* 66 NY2d 915; *Vadasy v Feigel's Tavern,* 88 Misc 2d 614, *affd* 55 AD2d 1011, *lv denied* 42 NY2d 805; *cf., Wilkins v Weresiuk,* 64 Misc 2d 736). Thus, there appears to be no rational basis for holding a dispenser of alcoholic beverages liable where the customer's injuries result from his own voluntary act of furnishing such beverages to a third person who thereby becomes intoxicated. Whatever wrong may have been committed by the dispenser of alcohol, its relation to the ultimate injury in this case is even more attenuated than in the case where the customer's own consumption of alcohol results in his injuries.

Thus, we find no reason to impose liability upon the corporate defendant dispenser of alcoholic beverages under the facts at bar, especially since the person whose actions were the direct cause of the plaintiff's injuries did not receive the intoxicant from the corporate defendant, but rather from the plaintiff *(see generally, Barker v Kallash,* 63 NY2d 19).

Accordingly, Special Term properly granted the corporate defendant's motion for summary judgment. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.