(November 17, 1988)

■ Mark E. Russell et al., Respondents, v Matthew Olkowski et al., Defendants, and Sangi Enterprises, Ltd., Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered February 24, 1987 in Ulster County, upon a verdict rendered in favor of plaintiffs against defendants Matthew Olkowski and Sangi Enterprises, Ltd.

Plaintiff Mark E. Russell (hereinafter plaintiff) was severely injured while riding as a passenger in a vehicle operated by defendant Matthew Olkowski in the early morning hours of May 7, 1985. The accident occurred as they were proceeding from a restaurant and nightclub owned by defendant Sangi Enterprises, Ltd. (hereinafter Sangi) and known as Joyous Lake in the Town of Woodstock, Ulster County. Olkowski lost control of the vehicle causing it to leave the public highway,

strike some trees at the side of the road and cause the injuries to plaintiff. Plaintiff and Olkowski had been together since about 6:30 P.M. the evening before, drinking beer at two other locations before arriving at Joyous Lake at approximately 2:00 A.M. on May 7, 1985. The record demonstrates that while they were at Joyous Lake, Olkowski purchased and consumed two bottles of beer at a time when he was already in an intoxicated condition. Excerpts from the examination before trial of Olkowski, together with testimony of eyewitnesses at the scene, amply support the conclusion that both plaintiff and Olkowski were "visibly" intoxicated at this time (Alcoholic Beverage Control Law § 65 [2]). Although officers and employees of Sangi deny that they had any notice of the intoxication of either plaintiff or Olkowski, or any recollection of their presence at Joyous Lake on the date and time in question, and had they been aware of such condition they would not have served them alcoholic beverages, there was sufficient evidence to support the jury's determination of liability and the apportionment of 10% thereof for the happening of the accident to Sangi because of its violation of the provisions of the Dram Shop Act (General Obligations Law § 11-101) and Alcoholic Beverage Control Law § 65 as contained in the allegations of the complaint in this action (see, *Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37; *Matalavage v Sadler,* 77 AD2d 39).*

We reject Sangi's contention on this appeal that plaintiff should be barred from recovery against Sangi because he procured the intoxication of Olkowski by spending the evening drinking with him. A denial of recovery on such a basis must be supported by "a much more affirmative role than that of drinking companion" (*Mitchell v The Shoals, Inc.,* 19 NY2d 338, 341). Finally, with regard to Sangi's assertion that it was error for Supreme Court not to explain to the jury that liability under the Dram Shop Act requires notice to the server of the intoxication of the person being served, we note that there was a failure to object or except to the charge at the time of trial, and, accordingly, that issue may not be raised upon appeal (see, CPLR 5501 [a] [3]; *Bellefeuille v City & County Sav. Bank,* 40 NY2d 879, 880). Moreover, we cannot conclude, as urged by Sangi, that the charge to the jury was so inadequate as to preclude a fair consideration of the issues raised, even in the absence of a proper exception (see, *Anchor*

---

* Olkowski was apportioned 70% of liability but has not appealed. The remaining 20% of liability was apportioned to plaintiff.

*Motor Frgt. v Shapiro,* 56 AD2d 573, 574; *see also, Green v Downs,* 27 NY2d 205).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.