■ TIMOTHY J. PRUNTY, Respondent, v KELTIE's BUM STEER, Appellant, et al., Defendant.—In an action to recover damages for personal injuries pursuant to the Dram Shop Act (General Obligations Law § 11-101), the defendant Keltie's Bum Steer appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated February 24, 1989, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, the complaint is dismissed as against the appellant, and the action against the remaining defendant is severed.

On October 16, 1987, the plaintiff was involved in a motor vehicle accident while a passenger in his own car, which was being driven by his brother. On the evening of the accident, the plaintiff and his brother had consumed a number of alcoholic beverages at various bars and restaurants. The plaintiff's verified bill of particulars and the depositions of the plaintiff and his brother indicated that the plaintiff had bought at least one drink for his brother while on the premises of the defendant Keltie's Bum Steer (hereinafter the appellant).

The appellant moved for summary judgment on the ground

that the plaintiff was barred from recovering under the Dram Shop Act (see, General Obligations Law § 11-101) because he had contributed to his brother's alleged intoxication by purchasing alcoholic beverages for him. In opposition to the motion, the plaintiff and his brother submitted affidavits of correction which purported to amend certain portions of their deposition transcripts to reflect that they did not recall if the plaintiff had bought his brother any drinks. The plaintiff also cross-moved to so amend his bill of particulars. The appellant's motion for summary judgment was denied and the plaintiff's cross motion to amend his bill of particulars was granted.

Absent prejudice to the other side, the court has the inherent power to permit changes to a deposition transcript after it has been signed (see, Roberts v Ausable Chasm Co., 47 AD2d 979). However, on a motion for summary judgment, the court must determine whether the factual issues presented are genuine or unsubstantiated. If the issue claimed to exist is not genuine, but is feigned and there is nothing to be tried, then summary judgment should be granted (see, Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439; Columbus Trust Co. v Campolo, 110 AD2d 616, affd 66 NY2d 701).

If the plaintiff were found to have caused or procured his brother's intoxication, he would be barred from recovery against the appellant under the Dram Shop Act (see, General Obligations Law § 11-101; Mitchell v The Shoals, Inc., 19 NY2d 338; Powers v Niagara Mohawk Power Corp., 129 AD2d 37; Vandenburg v Brosnan, 129 AD2d 793, affd 70 NY2d 940). We find that the plaintiff has attempted to avoid the consequences of the earlier admissions by raising a feigned factual issue which is insufficient to defeat the appellant's motion for summary judgment. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.