■ FLOYD SLOCUM et al., Appellants, v D's & JAYES VALLEY RESTAURANT & CAFE, INC., et al., Respondents.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Beisner, J.), entered December 20, 1990 in Dutchess County, which granted defendants' motion for summary judgment dismissing the complaint.

On Friday, June 6, 1986 at about 11:00 P.M., plaintiffs, who are husband and wife, went to D's & Jayes Valley Restaurant & Cafe (hereinafter the bar) for an evening out which included socializing, drinking and playing shuffleboard and pool. Although plaintiff Floyd Slocum (hereinafter Slocum) was the custodian of their funds, the couple took turns going to the bar to get beers for one another during the evening. It is apparent from the record that plaintiffs were both intoxicated when they decided to leave the bar and drive to a nearby diner to get something to eat. At about 2:00 A.M., while en route to the diner, Slocum sustained serious personal injuries when the car driven by his wife left State Route 22 in the Town of Dover, Dutchess County, and collided with a guardrail. Slocum and his wife then commenced this action predicated upon the Dram Shop Act (General Obligations Law § 11-101) against the owners of the bar alleging that the bar illegally sold alcoholic beverages to Slocum's wife in violation of Alcoholic Beverage Control Law § 65 (2). After issue was joined and examinations before trial were conducted, defendants moved for summary judgment dismissing the complaint on the ground that Slocum procured the alcohol consumed by his wife resulting in his injuries. Supreme Court granted summary judgment in favor of defendants and dismissed the complaint. This appeal ensued.

It is clear that no cognizable cause of action exists, predicated upon a violation of the Dram Shop Act, where the injured party procured the alcoholic beverage for another whose intoxication caused the accident *(see, Vandenburg v Brosnan,* 129 AD2d 793, 794, *affd* 70 NY2d 940). The pivotal issue on this appeal is whether Slocum "procured" the alcoholic beverage for his wife whose intoxication caused his injuries. In order to resolve this issue, we must define and determine the scope of the term "procure". That term is not defined in the General Obligations Law or the Alcoholic Beverage Control Law and, therefore, it should be given its ordinary and usual meaning *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 232, 234), which is "to get possession of: OBTAIN, ACQUIRE * * * *esp:* to get possession of by particular care or effort" (Webster's Third New International Dictionary 1809 [unabridged 1986]; *see, People v Keyes,* 75 NY2d 343, 348). The term "procure" includes using one's own money to purchase alcohol for another *(see, Prunty v Keltie's Bum Steer,* 163 AD2d 595; *Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111), contributing money to the purchase of alcohol *(see, Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41) and giving away alcohol to another after purchasing it with one's own funds *(see, Vandenburg v Brosnan, supra).*

Slocum contends that he did not "procure" any alcohol for his wife's consumption because he only followed her directions to get her additional beers and the funds in his possession used to purchase beers for his wife were from her, not his, portion of their combined funds. We are not persuaded. Slocum admitted that during the evening he walked up to the bar to acquire or get possession of beer consumed by his wife. Even though he allegedly purchased those beers for his wife at her direction and allegedly with her portion of their combined funds, we conclude that Slocum "procured" the alcoholic beverage for his wife whose intoxication caused his injuries *(cf., Vandenburg v Brosnan, supra).* It is true, as Slocum contends, that a mere drinking companion is not precluded from seeking recovery from the party unlawfully purveying alcoholic beverages *(see, Mitchell v The Shoals, Inc.,* 19 NY2d 338, 341). Slocum's conduct in this case, however, was of a much different character than that of a mere drinking companion. Accordingly, we find that Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.