■ Marc T. Schrader et al., Individually and as Parents and Natural Guardians of Dawn M. Schrader, an Infant, Respondents-Appellants, v Alan J. Carney et al., Defendants, and Matthew C. Cycyk, Appellant-Respondent. [604 NYS2d 376] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Dawn Marie Schrader was severely injured when the car in which she was a passenger went off the road and struck a utility pole. Her parents brought this action against, *inter alia,* defendant Matthew Cycyk, alleging negligence and liability under General Obligations Law § 11-100. The negligence action was dismissed on stipulation of the parties.

After a trial, the jury returned a verdict for plaintiffs. On appeal from the judgment, this Court modified the judgment by vacating that part of the judgment that reduced Dawn Schrader's recovery under the seat belt defense and granted a new trial on the issues of defendant Cycyk's liability, the apportionment of culpability among the defendants found liable, Dawn Schrader's comparative negligence and defendant Cycyk's affirmative defense that Dawn Schrader's actions on the night of the accident precluded her recovery under General Obligations Law § 11-100 *(Schrader v Carney,* 180 AD2d 200).

Upon remand, Cycyk moved to amend his answer and for summary judgment dismissing the complaint.

On the motion for summary judgment, Cycyk submitted unrefuted evidence that Dawn contributed to the purchase of the alcoholic beverages consumed by the driver, leading to impairment of his ability. Her monetary contribution constitutes "guilty participation in his intoxication" *(Mitchell v Shoals, Inc.,* 19 NY2d 338, 341) and serves as the basis for denying her recovery under the statute *(see, Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41-42). Partial summary judgment, therefore, should have been granted to Cycyk on his motion to dismiss plaintiffs' cause of action as parents and natural guardians pursuant to General Obligations Law § 11-100. To the extent that plaintiffs have sued in their individual capacities, however, the claims are unaffected *(see,* General Obligations Law § 11-100 [4]; *Powers v Niagara Mohawk Power Corp., supra,* at 42).

Plaintiffs' cross motion to strike the seat belt defense from Cycyk's amended answer should have been granted. The scope of this Court's modification and grant of a new trial in *Schrader v Carney (supra,* at 211) was to afford Cycyk the opportunity to litigate only the issues that were erroneously foreclosed by rulings of the trial court *(cf., Witmer v Smith,* 193 AD2d 1080). Thus, the seat belt defense is now barred by the doctrine of law of the case (Siegel, NY Prac § 448, at 679-680 [2d ed]). We further modify the order in accordance with Cycyk's stipulation by striking the word, "intoxication", from the third affirmative defense. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.)