■ WARREN L. DODGE, Individually and as Conservator of CHRISTOPHER M. DODGE, Respondent, v VICTORY MARKETS, INC., et al., Appellants, et al., Defendants. [606 NYS2d 345] — Mahoney, J. Appeals (1) from an order of the Supreme Court

(Kahn, J.), entered March 2, 1993 in Albany County, which denied defendant Victory Markets, Inc.'s motion for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered January 22, 1993 in Albany County, which, *inter alia,* denied defendant William Antelek's cross motion for summary judgment dismissing the complaint against him.

On the evening of February 18, 1990, defendant Matthew F. Walsh, age 20, purchased a case of beer at a Great American Supermarket with pooled money while his friends, three other minors, including 18-year-old Christopher M. Dodge, waited in a parked car outside the store. After the purchase, the group drove around drinking the beer and ultimately ended up at the home of defendant William Antelek where Walsh garaged his all terrain vehicle (hereinafter ATV). The boys and others congregated in the Antelek kitchen and, after receiving Walsh's permission, began taking turns driving the ATV. On his second ride, Dodge, who all agree was intoxicated at the time, lost control of the vehicle and sustained severe injuries which left him in a persistent vegetative state. This occurrence furnished the occasion for the within action by plaintiff, Dodge's father, individually and as Dodge's conservator, against Great American, Walsh and Antelek. Liability was predicated variously on theories of common-law negligence, negligent entrustment of the ATV, violation of Alcoholic Beverage Control Law § 65 and violation of the Dram Shop Act (General Obligations Law § 11-101).

Following completion of discovery and the filing of a note of issue, plaintiff moved to amend his complaint. In addition to requesting substitution of defendant Victory Markets, the correct corporate entity for Great American, plaintiff sought to interpose a claim against Walsh's father, to assert a General Obligations Law § 11-100 claim against Victory, to expand the claim of negligent entrustment and to increase the ad damnum clause from $4 million to $10 million. Antelek opposed and cross-moved for summary judgment dismissing the complaint against him. During pendency of these applications, Victory also moved for summary judgment. Supreme Court denied both defendants' motions and, other than denying the ad damnum increase, granted plaintiff's motion to amend in its entirety. Victory and Antelek appeal.

Addressing first the merits of Victory's motion for summary judgment, we note initially that none of the causes of action alleged in the original complaint, either by plaintiff individu-

ally or on behalf of Dodge, can withstand a summary judgment motion. The common-law negligence claims interposed by plaintiff on Dodge's behalf fail not only because the uncontroverted evidence establishes that Dodge's accident occurred outside the area of Victory's control and several hours after the sale in question *(see, e.g., Etu v Cumberland Farms,* 148 AD2d 821), but also because they fall squarely within the age-old rule which precludes recognition of a common-law cause of action against providers of alcoholic beverages in favor of persons such as Dodge, who are injured as a result of their own voluntary intoxication *(see, e.g., Sheehy v Big Flats Community Day,* 73 NY2d 629, 636; *Rann v Hamilton,* 194 AD2d 599). Plaintiff's individual claims in this regard, because they simply are derivative of Dodge's, likewise must fail *(cf., Shultes v Carr,* 127 AD2d 916, 917). The second cause of action, based as it is upon violation of Alcoholic Beverage Control Law § 65, is facially insufficient as it is well established that violation of this statute does not create a private right of action *(see, Sherman v Robinson,* 80 NY2d 483, 487; *Moyer v Lo Jim Cafe,* 19 AD2d 523, *affd* 14 NY2d 792). The Dram Shop Act claims fare no better. Victory's liability under General Obligations Law §§ 11-100 and 11-101 extends only to injuries perpetrated by the *very minor* to whom the unlawful sale or furnishing of alcohol was made *(see, e.g., Sherman v Robinson, supra,* at 487-488). Here, the sale was to Walsh, not to Dodge, and as originally pleaded there is no allegation that Walsh, while intoxicated, caused injury to Dodge.

Accordingly, the viability of a suit against Victory in this situation depends upon an examination of the amended complaint; more specifically whether any of the causes of action asserted therein make out a prima facie claim and, if so, whether allowing an amendment at this late date is otherwise warranted. The only appreciable change in the proposed amended pleading as respects Victory is the interposition of a new theory of liability under the Dram Shop Act. In an apparent effort to keep Victory in the action and to bring the claim against Victory within the parameters of General Obligations Law §§ 11-100 and 11-101, both of which require a showing that the very minor to whom the intoxicant was sold or furnished became intoxicated and in his or her intoxicated state injured a third party, plaintiff sought leave to allege that after the sale to Walsh, *Walsh* became intoxicated and in his intoxicated state negligently entrusted the ATV to Dodge who, in turn, injured himself.

While, concededly, motions to amend the pleadings are to be

construed liberally, they are by no means to be granted simply for the asking. Rather there must be some demonstration of merit to the proposed amendment, i.e., a showing that it prima facie states a claim *(see, e.g., Mathiesen v Mead,* 168 AD2d 736; *Wieder v Skala,* 168 AD2d 355). In our view this proposed Dram Shop Act claim, to the extent interposed on behalf of Dodge, legally is insufficient. It is well established that no cognizable cause of action predicated upon a violation of the Dram Shop Act exists in favor of an injured party who procured the alcohol for the person whose intoxication caused the accident *(see, e.g., Mitchell v The Shoals,* 19 NY2d 338, 340-341; *Slocum v D's & Jayes Val. Rest. & Cafe,* 182 AD2d 981; *Powers v Niagara Mohawk Power Corp.,* 129 AD2d 37, 41; *Vandenburg v Brosnan,* 129 AD2d 793, 794, *affd* 70 NY2d 940). The term procure has been interpreted to include persons such as Dodge who contributed money toward the purchase of alcohol *(see, Powers v Niagara Mohawk Power Corp., supra).* Under prevailing authority, however, the Dram Shop Act claim interposed by plaintiff individually, as parent, which is set forth as the fourth cause of action in the amended complaint, does state a claim *(see,* General Obligations Law § 11-101 [4]; *see also, Etu v Cumberland Farms,* 148 AD2d 821, 822-823, *supra; Powers v Niagara Mohawk Power Corp., supra,* at 41-42; *Reuter v Flobo Enters.,* 120 AD2d 722, 723). Moreover, inasmuch as there is no prejudice or surprise attendant to this new allegation, we perceive no abuse of discretion in Supreme Court's granting the amendment to this extent. It is to be noted, however, that damages for loss of services, affection and companionship are not recoverable in the context of this action *(see, Valicenti v Valenze,* 68 NY2d 826, 829; *McCauley v Carmel Lanes,* 178 AD2d 835, 837). The remaining causes of action interposed against Victory in the amended pleading, because they are essentially amplifications of those contained in the original pleadings, are not sustainable for the reasons previously noted.

With respect to Antelek, we conclude that he is entitled to summary judgment dismissing the complaint against him. Plaintiff's allegation that Dodge was intoxicated precludes him from maintaining a cause of action based upon the common-law theory of negligent entrustment, either on Dodge's behalf or individually *(see, Shultes v Carr,* 127 AD2d 916, *supra).* Moreover, inasmuch as there is nothing whatsoever in the record indicating that Antelek knowingly caused or contributed to Dodge's intoxication or knowingly distributed alcohol to him, the cause of action predicated upon violation of

General Obligations Law § 11-100 likewise must fail *(see, Reickert v Misciagna,* 183 AD2d 151, 155-156; *MacGilvray v Denino,* 149 AD2d 571, 572).

Weiss, P. J., Cardona, White and Casey, JJ., concur. Ordered that the order entered January 22, 1993 is modified, on the law, without costs, by reversing so much thereof as denied defendant William Antelek's cross motion for summary judgment dismissing the complaint against him and a portion thereof which granted plaintiff's motion to amend the complaint to assert additional claims against defendant Victory Market, Inc.; Antelek's motion granted, summary judgment awarded to him and complaint dismissed against him, that part of plaintiff's motion to amend the complaint to assert additional claims against Victory Markets denied except for the fourth cause of action sought to be interposed by plaintiff in his individual capacity; and, as so modified, affirmed. Ordered that the order entered March 2, 1993 is modified, on the law, without costs, by reversing so much thereof as denied defendant Victory Market, Inc.'s motion for summary judgment dismissing the complaint against it; said motion granted, partial summary judgment awarded to Victory Market to the extent that the claims interposed against it by plaintiff on behalf of Christopher M. Dodge are dismissed and all claims interposed against it by plaintiff in his individual capacity except the fourth cause of action contained in the amended complaint are dismissed; and, as so modified, affirmed.