Robert R. COX, Appellant,

v.

**ROLLING ACRES GOLF COURSE CORP. d/b/a Rolling Acres Golf Course, Jerry A. Merritt d/b/a The Point Lounge, and Tom Haddy d/b/a Haddy's, Appellees.**

No. 94–573.

Supreme Court of Iowa.

May 24, 1995.

Todd P. Forsythe, Cedar Rapids, for appellant.

Gerry M. Rinden and Andrew M. Johnson of Wintroub, Rinden, Sens & McCreary, Des Moines, for appellee Tom Haddy d/b/a Haddy's.

Thomas P. Skorepa of Klockau, McCarthy, Ellison & Marquis, P.C., Rock Island, IL, for appellee Rolling Acres Golf Course Corp. d/b/a Rolling Acres Golf Course.

Jack L. Brooks of Anderson & Nelson, Davenport, for appellee Jack A. Merrit d/b/a The Point Lounge.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

SNELL, Justice.

This appeal is from the district court's granting of defendants' motions for summary judgment. Plaintiff Robert R. Cox filed a dram shop action against three liquor licensees. We affirm.

I.   Factual and Procedural Background

On June 13, 1992, Charles M. "Mitch" Atwood picked up his friend, Robert R. Cox to go golfing at the Rolling Acres Golf Course in Center Point, Iowa. The two played three rounds of golf between approximately 11:15 a.m. and 5:15 p.m. and took a break for lunch after finishing their first round. Atwood and Cox split a six-pack of beer during each round of golf and also consumed at least one

additional beer at the Rolling Acres clubhouse during lunch. They alternated buying beer for each other throughout the day.

Atwood and Cox then drove to the Point Lounge in Center Point where they each had two additional beers. It was their practice to stay at a bar until each had bought one round of drinks. They then drove to another bar, Haddy's, where they each consumed another beer. After paying for the two beers at Haddy's, Atwood and Cox ran short of money. The bartender would not cash a check for Atwood so the two decided to leave to get more money. They remained at Haddy's for only fifteen minutes and left the bar at approximately 7:15 p.m.

Shortly after 11:00 p.m., Atwood apparently lost control of his truck near County Road E28, one mile northwest of Anamosa. The truck went off the road into a steep ditch and rolled at least once, finally coming to rest in a pasture on its passenger side. Atwood sustained only minor injuries and was able to get out of the truck and walk away. Cox sustained serious injuries including a broken neck, cuts, bruises, and abrasions.

In November of 1992, Cox filed a dram shop action in the district court against the Rolling Acres Golf Course Corp., Jerry A. Merritt, owner of the Point Lounge, and Tom Haddy, owner of Haddy's, seeking damages for violations of Iowa Code section 123.92 (1991). Cox filed a motion for summary judgment solely on the issue of liability. The defendants also filed motions for summary judgment in which they asserted that no issue of material fact existed and the defendants were entitled to judgment as a matter of law on the theories that Cox was guilty of complicity and assumption of the risk.

The district court overruled Cox's motion but granted the defendants' on the ground that the uncontroverted facts established as a matter of law the existence of complicity on the part of Cox. Cox then filed a "Motion for Rehearing, Substitution of Ruling, and Motion Under [Iowa Rule of Civil Procedure] 179(b) for Expanded Findings of Fact." In this motion, Cox asserted the court erred in granting the defendants' motions for summary judgment because the existence of complicity is a question for the jury and uncon-

troverted facts did not establish Cox was guilty of complicity as a matter of law. The trial court denied Cox's motion and held that the uncontroverted facts established that Cox had been guilty of complicity as a matter of law.

## II. Standard and Scope of Review

■■■ In our review of a trial court grant of a motion for summary judgment, we consider the evidence in the entire record in the light most favorable to the non-movant and determine whether any issue as to any material fact exists. *Ciha v. Irons*, 509 N.W.2d 492, 493 (Iowa 1993); *West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc.*, 503 N.W.2d 596, 598 (Iowa 1993). Summary judgment is appropriate if no issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Ciha*, 509 N.W.2d at 493; *West Bend Mut. Ins.*, 503 N.W.2d at 598. We review the district court's decision for errors of law. Iowa R.App.P. 4; *Ciha*, 509 N.W.2d at 493; *Keller v. State*, 475 N.W.2d 174, 179 (Iowa 1991).

## III. Issues on Appeal

Cox argues: (1) the district court erred in granting the defendants' motions for summary judgment because the existence of complicity is properly a fact question for the jury to decide; and (2) even if instances exist in which a judge may determine the existence of complicity as a matter of law, the judge erred in finding complicity in this case. The defendants argue, and the district court held, that the undisputed facts overwhelmingly establish complicity on the part of Cox, and where such apparent complicity exists, the court may determine the existence of complicity without submitting the question to a jury.

■■■ Dram shop acts, such as Iowa Code section 123.92, provide innocent parties who are injured as a result of the intoxication of other persons, a cause of action against the parties from whom the intoxicants were procured. *Slager v. HWA Corp.*, 435 N.W.2d 349, 351 (Iowa 1989). Complicity on the part of the injured party is an absolute bar to recovery under section 123.92. *Slager*, 435

N.W.2d at 351; *Martin v. Heddinger,* 373 N.W.2d 486, 488 (Iowa 1985); *Berge v. Harris,* 170 N.W.2d 621, 625 (Iowa 1969); *cf. Slocum v. D's & Jayes Valley Restaurant & Cafe, Inc.,* 582 N.Y.S.2d 544, 545, 182 A.D.2d 981, 982 (App.Div.1992); *Vandenburg v. Brosnan,* 514 N.Y.S.2d 784, 784–85, 129 A.D.2d 793, 793–94 (App.Div.1987), *aff'd,* 70 N.Y.2d 940, 524 N.Y.S.2d 672, 519 N.E.2d 618 (1988). The rationale supporting this defense is that the goal of the dram shop statute is to protect innocent parties, not those who have participated in the intoxicated person's intoxication. *Slager,* 435 N.W.2d at 351; *Berge,* 170 N.W.2d at 625. We have said:

> A party who participates in the drinking activities during which the injuring party becomes intoxicated cannot recover under the dramshop act for injuries sustained as a result of such intoxication.
>
> Two reasons for the rule expressed in the cases are that one cannot profit from his own wrong and a person who participates in the drinking activities is not an innocent person entitled to protection under the dramshop act.

*Martin,* 373 N.W.2d at 489 (quoting *Berge,* 170 N.W.2d at 625).

■ Complicity exists where a plaintiff seeking to assert the provisions of section 123.92 has "encouraged or voluntarily participated to a material and substantial extent in the drinking of beer or intoxicating liquor" by the party who injured the plaintiff. *Martin,* 373 N.W.2d at 490. In order for participation to constitute complicity, it must be more than passive. *Id.* It is not enough to establish complicity that an individual is a mere drinking companion of the intoxicated person. *Mitchell v. Shoals, Inc.,* 19 N.Y.2d 338, 280 N.Y.S.2d 113, 116, 227 N.E.2d 21, 23 (1967); *Slocum,* 582 N.Y.S.2d at 546, 182 A.D.2d at 919; *Russell v. Olkowski,* 535 N.Y.S.2d 187, 188, 144 A.D.2d 837, 838 (App. Div.1988); *French v. Cliff's Place Ltd.,* 508 N.Y.S.2d 577, 578, 125 A.D.2d 292 (App.Div. 1986); *Harris v. Hurlburt,* 83 Misc.2d 626, 373 N.Y.S.2d 480, 484 (Sup.Ct.1975).

■ Courts may determine the existence of an affirmative defense as a matter of law only in exceptional cases. *Reeves v. Beek-*

*man,* 256 Iowa 263, 270, 127 N.W.2d 95, 99 (1964). We note that even the numerous authorities Cox cites from other jurisdictions do not hold that the existence of complicity is always an issue of fact to be decided by the jury. *See, e.g., Nelson v. Araiza,* 69 Ill.2d 534, 14 Ill.Dec. 441, 372 N.E.2d 637, 641 (1978) ("In many cases this will be an issue of fact under the given circumstances. In other cases whether there is sufficient evidence to support the doctrine ... will be for judicial determination"); *see also Arciero v. Wicks,* 150 Mich.App. 522, 389 N.W.2d 116, 119 (Mich.Ct.App.1986). In addition, the authorities Cox cites for support of his assertion that the question of complicity should have been submitted to the jury are easily distinguishable from the case at hand.

In *Arciero,* the Michigan Court of Appeals held that in order for participation consisting solely of the act of buying drinks for the party who ultimately caused the accident to constitute active participation as a matter of law, the buying of at least one drink must have occurred while the party who ultimately caused the injury was visibly intoxicated. *Arciero,* 389 N.W.2d at 119–20. The defendants are correct in noting that *Arciero* involved interpretation of the Michigan dram shop statute, Michigan Compiled Laws section 436.22, which differs from the Iowa dram shop statute in that section 436.22 expressly requires the existence of visible intoxication for the imposition of liability. *Compare* Mich.Comp.Laws § 436.22 (1994) *with* Iowa Code § 123.92. Other cases Cox cites demonstrate circumstances in which genuine issues of fact existed regarding whether a drinking companion's actions amounted to complicity. *See, e.g., Nelson,* 14 Ill.Dec. at 441, 372 N.E.2d at 637.

■ In *Martin* we discussed the relationship between the defenses of assumption of the risk and complicity in dram shop cases. The two defenses differ and are not duplicative because assumption of the risk is a matter of knowing assent while complicity is a matter of involvement. *Martin,* 373 N.W.2d at 490. We approved the submission of both defenses in *Martin* but reversed because of the instruction on assumption of

the risk. The erroneous instruction stated that plaintiff assumed the risk if she ought to have known the driver of the pickup was intoxicated. We held that the correct standard is subjective, not objective. Therefore, assumption of the risk is a matter of whether the plaintiff knew of the risk, not whether the plaintiff should have known of it.

 In the case at bar, there is testimony by the plaintiff indicating an awareness by him of the condition of his drinking companion. Plaintiff testified:

> Q. Do you have any recollection of your perception of Mr. Atwood as to his condition of sobriety at the time you left Haddy's? A. No, I really don't. I mean he had to be smashed. No doubt about it. Q. Why is that? A. Because I drank every beer he drank, and if I have no recollection of the three hours between the bar and the time that I had a bad accident, it has to be because of the fact that I weigh 60 pounds less than him, so I can't imagine that he had been in very good shape. The only thing he had going for him was he had enough body weight to stay awake for it. I mean I'm not a professional by any means, but I certainly know how it works. Q. Any behavior other than getting lost that Mr. Atwood exhibited that led you to the conclusion that he was intoxicated when he left Haddy's? A. He was borrowing cigarettes from me. He doesn't smoke. He chews tobacco. So I would think when he starts to get drunk he wants to smoke a cigarette. Q. Did he smoke the cigarette? A. Yeah. Q. Is this behavior you have seen prior to June 13, 1992? A. Yeah, when he's drinking.

This testimony illustrates the distinction between the defenses of assumption of the risk and complicity. The evidence is clearly relevant as proof on the issue of assuming the risk but is irrelevant on the issue of complicity. The complicity question turns on involvement, not on knowledge. For this reason, the matter of subjective or objective standard decided in *Martin* as to the assumption of the risk is also not pertinent.

We hold that the case at bar constitutes one of those exceptional cases in which the existence of complicity may be determined as a matter of law without submission of the question to a jury. The undisputed facts in the record provide clear and convincing evidence that Cox voluntarily participated to a material and substantial extent in Atwood's intoxication. Cox and Atwood drank together over a span of at least eight hours and consumed between twenty and thirty beers together. Cox and Atwood alternated between buying rounds so that Cox purchased approximately half of the beers Atwood consumed. The two only quit drinking when they ran out of money, and at that point both decided to leave to get more money to continue drinking. Cox even testified that he bought Atwood's last beer of the night. This evidence demonstrates as a matter of law that Cox was more than Atwood's passive drinking companion and in fact contributed substantially and materially to Atwood's intoxication. We therefore affirm the trial court's grant of the defendants' motions for summary judgment based on plaintiff's complicity.

**AFFIRMED.**