■ DENISE Fox et al., Appellants, v CLARE ROSE BEVERAGE, INC., Respondent, et al., Defendant. (Action No. 1.) ANDREW S. DAVIS et al., Appellants, v CLARE ROSE BEVERAGE, INC., Respondent. (Action No. 2.) [692 NYS2d 658] —In a consolidated action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated February 17, 1998, as, upon an order of the same court dated January 20, 1998, granting that branch of the motion of the defendant Clare Rose Beverage, Inc., which was for summary judgment dismissing the complaints insofar as asserted against it, dismissed the complaints insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

On July 31, 1992, between 8:00 P.M. and 11:30 P.M., Edwin J. Fox, Scott Davis, and Patrick King attended a party at which alcohol was served. At about 3:00 A.M. on August 1, 1992, the three men were on a speed boat operated by Davis, who crashed the boat into a rock jetty in Port Jefferson Harbor, killing all three. Post-mortem blood tests showed that Davis' blood alcohol level at the time of the crash was .21%. The plaintiffs commenced this action against, *inter alia*, Clare Rose Beverage, Inc. (hereinafter Clare Rose), the company that sold the beer to the hosts of the party, alleging a violation of General Obligations Law § 11-101 in that Davis was served alcoholic beverages while in a visibly intoxicated state. The Supreme Court granted the motion of Clare Rose, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs appeal.

The Supreme Court correctly granted the motion for summary judgment. General Obligations Law § 11-101 (1) provides, in essence, that an individual who is injured by an intoxicated person "shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication" (*see also,* Alcoholic Beverage Control Law § 65). It is undisputed that Clare Rose did not directly sell beer to Davis or to any individual at the party. Clare Rose delivered the beer early in the day to the Monarch Club, the

host of the party, which in turn dispensed it at the party that night. Clare Rose had no opportunity to supervise the dispensing of beer or Davis' consumption of beer at the party. Thus, there was no unlawful sale of beer by Clare Rose to Davis within the meaning of General Obligations Law § 11-101 (1) (*see, D'Amico v Christie,* 71 NY2d 76).

Liability may not attach on the theory that Clare Rose unlawfully assisted in the procuring of the beer. The term "procure" is not defined in either the General Obligations Law or the Alcoholic Beverage Control Law and the term is therefore to be given its ordinary and usual meaning, which is " 'to get possession of: OBTAIN, ACQUIRE * * * to get possession of by particular care or effort' " (*Slocum v D's & Jayes Val. Rest. & Cafe,* 182 AD2d 981, 982). The term "procure" includes using one's own money to purchase alcohol for another, contributing money to the purchase of the alcohol, and giving away alcohol to another after purchasing it with one's own money (*see, Slocum v D's & Jayes Val. Rest. & Cafe, supra,* at 982; *Dodge v Victory Mkts.,* 199 AD2d 917; *Prunty v Keltie's Bum Steer,* 163 AD2d 595; *Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111; *Vandenburg v Brosnan,* 129 AD2d 793, *affd* 70 NY2d 940). As the term "procure" has been applied, it is readily apparent that Clare Rose did not assist in procuring alcohol for Davis. The plaintiff's reliance on *Peterson v Donelson Sales Co.* (4 Ill App 3d 792, 281 NE2d 753) and *Rust v Reyer* (91 NY2d 355) is misplaced, as those cases are distinguishable.

Since the plaintiffs failed to raise a triable issue of fact as to whether Clare Rose engaged in an unlawful sale or an unlawful procurement, the complaint was properly dismissed insofar as asserted against that defendant. S. Miller, J. P., Sullivan, Joy and Altman, JJ., concur.