(August 8, 1988)

■ GARY CAMPBELL et al., Respondents, v STEP/LIND RESTAURANT CORPORATION, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., the defendant Step/Lind Restaurant Corporation appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated August 31, 1987, as denied those branches of its motion which were for summary judgment dismissing the first, second, and seventh causes of action insofar as they are asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the motion which were to dismiss the first, second and seventh causes of action insofar as they are asserted against the appellant are granted.

The plaintiff Gary Campbell (hereinafter the plaintiff) was a victim of a sudden and unanticipated shooting by a fellow bar patron at the appellant's establishment. Prior to the shooting the assailant had purchased a drink for the plaintiff, and the plaintiff reciprocated. Under these circumstances, the plaintiff cannot sustain a cause of action predicated on common-law negligence against the appellant because the nature of the shooting incident was such that it was unforeseeable and could not have been guarded against (see, *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711). Similarly, the plaintiff's cause of action based on Alcoholic Beverage Control Law § 65 must be dismissed. Alcoholic Beverage Control Law § 65 is to be read in conjunction with the Dram Shop Act (General Obligations Law § 11-101; *see, Matalavage v Sadler,* 77 AD2d 39, 42). The Dram Shop Act cause of action cannot withstand the plaintiff's own admission that he did not observe any visible signs that his attacker was intoxicated. In any event, recovery under the Dram Shop Act is precluded because the plaintiff procured an alcoholic beverage for the person who inflicted the injuries (see, *Vandenburg v Brosnan,* 129 AD2d 793, *affd*

70 NY2d 940). Thompson, J. P., Weinstein, Rubin and Eiber, JJ., concur.