■ MAURICE J. NEHME, Individually and as Administrator of the Estate of DONNA L. NEHME, Deceased, Appellant, v FRANK W. JOSEPH et al., Defendants, and COPPERFIELD'S OF MONTGOMERY, INC., Respondent. (And Other Titles.)—In an action to recover damages for personal injuries and wrongful death, *inter alia,* based upon a violation of General Obligations Law § 11-101, the plaintiff appeals from so much of a judgment of the Supreme Court, Orange County (Green, J.), entered May 23, 1988, as, upon a jury verdict, is in favor of defendant Copperfield's of Montgomery, Inc., and against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On December 8, 1984, a pickup truck operated by the defendant Frank W. Joseph collided with a van in which the plaintiff and his wife were passengers. The plaintiff sustained serious physical injuries as a result of the collision; his wife was killed. The evidence adduced at trial established that Joseph's truck was traveling in the opposing lane of traffic

when the collision occurred. The plaintiff commenced suit, *inter alia,* against the defendant Copperfield's of Montgomery, Inc. (hereinafter Copperfield's), alleging that that defendant violated the provisions of the Dram Shop Act *(see,* General Obligations Law § 11-101) by serving liquor to an intoxicated person.

At trial, the defendant Joseph testified that after consuming beer at two other drinking establishments, he went to Copperfield's. While there, according to his testimony, he consumed approximately 8 to 10 additional drinks. Although Joseph testified that he was not intoxicated when he arrived at Copperfield's, he did indicate that he was in an intoxicated condition when he left that establishment.

Lisa Brinckerhoff, a bartender at Copperfield's on the night in question, testified that she had served the defendant Joseph one drink and that he did not appear to be intoxicated at the time. She further indicated that if Joseph had consumed additional drinks, they were served to him by another employee.

The plaintiff prevailed against all the defendants except Copperfield's. He now appeals, alleging that the jury verdict, to the extent that it exculpated Copperfield's, was against the weight of the evidence. We disagree.

A jury verdict may not be set aside as against the weight of the evidence unless the jury's findings could not be reached by any fair interpretation of the evidence *(see, Vaniglia v Northgate Homes,* 137 AD2d 806). In order to sustain a claim under the Dram Shop Act, a plaintiff must demonstrate that the defendant vendor unlawfully sold alcoholic beverages to an intoxicated patron. In this context, an unlawful sale is defined, in part, as a sale to "[a]ny visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]). It is incumbent upon a plaintiff who charges a violation of the Dram Shop Act to offer evidence that the party to whom liquor was sold acted or appeared to be intoxicated at the time of the sale *(see, Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111; Alcoholic Beverage Control Law § 65 [2]).

In the instant case, the jury properly found in favor of Copperfield's since the plaintiff failed to establish that the defendant Joseph acted or appeared to be intoxicated at the time he purchased drinks from that establishment. Indeed, the only evidence which reflected upon Joseph's condition while he was present at Copperfield's was the testimony of the bartender who stated that she served Joseph one drink and

that she observed him later that evening but noticed nothing unusual about him. Moreover, although the defendant Joseph testified that he was intoxicated when he left Copperfield's, his testimony was insufficient to establish that a reasonable person would conclude, based upon their observation of his appearance and conduct, that he was visibly intoxicated when he was sold alcoholic beverages by Copperfield's *(cf., Russell v Olkowski,* 144 AD2d 837; *Lippman v Hines,* 138 AD2d 845; *Wasserman v Godoy,* 136 AD2d 631). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.