OPINION OF THE COURT
Ralph A. Beisner, J.
In this action plaintiff Floyd Slocum seeks to recover damages for injuries he sustained in a one-car motor vehicle accident when his wife Vickie Slocum lost control of the vehicle in which he was a passenger. Vickie Slocum was intoxicated at the time of the accident and Floyd Slocum’s cause of action against the defendants is based on an alleged *121 violation of General Obligations Law § 11-101 (the Dram Shop Act) claiming that Vickie Slocum’s intoxication resulted from the defendants’ service of alcohol to her. The plaintiff Vickie Slocum brings a derivative cause of action against the defendants seeking damages for loss of services.
Defendants now move for an order granting summary judgment in their favor, dismissing plaintiffs’ complaint on the ground that Floyd Slocum purchased or procured the alcoholic beverages for Vickie Slocum and thus has no cause of action against the defendants predicated on a violation of the Dram Shop Act. (See, Vandenburg v Brosnan, 129 AD2d 793, 794, affd 70 NY2d 940.) In support of their motion defendants rely on the pleadings and deposition testimony of Floyd and Vickie Slocum.
According to the deposition testimony on June 6, 1986 between 10:00 and 10:30 p.m. both plaintiffs consumed a bottle of beer at Cavaleri’s Bar & Grill. They returned home for approximately 15 minutes and then the two went to D’s & Jayes Valley Restaurant (D’s & Jayes), arriving there at approximately 11:00 p.m. Both plaintiffs drank at least 4 or 5 12-ounce bottles of beer which Floyd Slocum bought for his wife. They left D’s & Jayes at about 1:30 a.m.; Vickie Slocum was driving. As they were proceeding north on Route 22 the car went out of control, crossed over to the southbound lane and jumped a guardrail. Floyd Slocum sustained serious injuries in the accident.
Both Floyd Slocum and Vickie Slocum have submitted affidavits in opposition to this motion. They explain that when they stated at their depositions that Floyd Slocum bought the beer for Vickie Slocum it was meant only in the sense that he supplied the money for the purchase because the money was in his pocket but the money which he earns is shared equally by both of them and they file a joint income tax return. During the course of the evening either of them would go to the bar to place orders for their beers and Floyd Slocum never purchased drinks for Vickie Slocum unless she asked for them.
Plaintiffs oppose this motion on two grounds. They first argue that to preclude Floyd Slocum from recovery under the Dram Shop Act would be an unparalleled extension of the concept of "procuring alcoholic beverages” and would leave husbands and wives unprotected by that statute. They contend that both public policy and statutes treat a married couple as *122 a single entity and it was the marriage entity which procured and paid for the beer. Plaintiffs also claim that there is a factual issue as to whether Floyd Slocum procured the alcoholic beverages for his wife.
In Mitchell v Shoals, Inc. (19 NY2d 338, 341), the court stated that the injured person must play a much more affirmative role than that of drinking companion to the one who injures him before he may be denied recovery against the bartender or tavern keeper who served them. According to plaintiffs, because of their status as a married couple, they were "drinking companions” and from time to time went out to socialize and have a few beers together as they did on the night of the accident. They frame the issue on this motion as whether a husband can be considered the procurer of alcohol for his Wife when his wife requests the alcoholic beverages and places some of the orders for the alcoholic beverages herself, and joint income is used for their purchase.
It is well settled that a person who procured the alcoholic beverage for the person whose intoxication allegedly caused his injury has no cognizable cause of action predicated upon a violation of the Dram Shop Act. (Vandenburg v Brosnan, 129 AD2d 793, 794, affd 70 NY2d 940, supra.) It is sufficient that the plaintiff merely contributed to the purchase of the alcoholic beverages which caused the intoxicated person’s inebriation. (See, Powers v Niagara Mohawk Power Corp., 129 AD2d 37, 41; see also, Campbell v Step/Lind Rest. Corp., 143 AD2d 111 [recovery under the Dram Shop Act precluded when the person who inflicted the injury purchased plaintiff an alcoholic beverage and plaintiff reciprocated].)
Since the plaintiff’s own affidavits establish that during the course of the evening Floyd Slocum placed at least some of the orders for Vickie Slocum’s drinks and provided funds in which he had an interest for their purchase he played a more affirmative role than that of mere drinking companion to Vickie Slocum. The court finds that Floyd Slocum procured alcoholic beverages for Vickie Slocum and, accordingly, this Dram Shop action cannot be maintained. (Vandenburg v Brosnan, supra.)
Plaintiff further argues that the case law which precludes Dram Shop Act recovery to one who procures the alcoholic beverage for the tort-feasor should not apply to a married couple. Under plaintiff’s analysis a spouse would have to coerce his or her partner into drinking in order to be regarded *123 as a procurer of alcoholic beverages for the intoxicated partner and be denied relief under the Dram Shop Act. Such a result would carve out an exception for married couples which has no legal basis. Whether a party procured alcoholic beverages for another must be decided without regard to a person’s marital status. A party who does not procure alcoholic beverages for his spouse is protected by the Dram Shop Act; one who does is not.
Since Floyd Slocum’s cause of action cannot be maintained, Vickie Slocum’s derivative action must also be dismissed. (See, Wittrock v Maimonides Med. Center — Maimonides Hosp., 119 AD2d 748.)