■ CHARLES DeMARCO, Respondent, v OAK BEACH INN CORP., Appellant. [663 NYS2d 834] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated July 24, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

It is well established that in order to sustain a Dram Shop cause of action, a plaintiff must offer evidence that the party to whom liquor was sold acted or appeared to be visibly intoxicated at the time of the sale. *(see,* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; *Nehme v Joseph,* 160 AD2d 915; *see generally, Romano v Stanley,* 90 NY2d 444). In the instant case, the plaintiff's own deposition testimony established that the driver of the car neither acted nor appeared to be intoxicated at the time he was served liquor in the defendant's bar *(see, Campbell v Step/Lind Rest. Corp.,* 143 AD2d 111). Accordingly, the defendant was entitled to dismissal of the Dram Shop causes of action *(see, Nehme v Joseph, supra; Campbell v Step/Lind Rest. Corp., supra; see also, Burkhard v Sunset Cruises,* 191 AD2d 669).

Any common-law negligence claim must also be dismissed since the accident in which the plaintiff was injured took place approximately two miles away from the defendant's premises *(see, Donato v McLaughlin,* 195 AD2d 685; *see also, Del Bourgo v 138 Sidelines Corp.,* 208 AD2d 795). Moreover, in the absence

of any nexus between the accident and any alleged negligence in the hiring and training of the defendant's employees, those claims must also fail. O'Brien, J. P., Joy, Altman and Goldstein, JJ., concur.