■ WILLIAM MARCONI et al., Plaintiffs, v LENORE D. REILLY, Defendant and Third-Party Plaintiff-Respondent. ISCHIA RESTAURANT CORP., Doing Business as FRANKIE B'Z, Third-Party Defendant-Appellant. [678 NYS2d 785] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated September 17, 1997, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Minutes after the defendant third-party plaintiff Lenore Reilly left the restaurant Frankie B'Z, where she had consumed at least two martinis, the car she was driving struck the plaintiffs' vehicle while it was stopped at a traffic light. At the scene of the accident, the plaintiffs and a police officer observed that Reilly had an unsteady gait, slurred speech, glazed and bloodshot eyes, and smelled of alcohol. Reilly was arrested at the scene. A breathalyzer test administered approximately two

hours after the accident indicated a blood alcohol content of .145%. Reilly subsequently pleaded guilty to driving while intoxicated. The plaintiffs commenced this action against Reilly, who, in turn, commenced a third-party action for contribution against Ischia Restaurant Corp. d/b/a Frankie B'Z based on an alleged violation of the Dram Shop Act (General Obligations Law § 11-101). Frankie B'Z moved for summary judgment dismissing the third-party complaint, arguing that Reilly could not establish that she was visibly intoxicated at the time she was served the alcohol. The Supreme Court denied the motion and we affirm.

To sustain a claim under the Dram Shop Act, a plaintiff must establish that the defendant unlawfully sold liquor to a visibly intoxicated person (see, General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; Nehme v Joseph, 160 AD2d 915). In support of its motion for summary judgment, Frankie B'Z submitted a portion of Reilly's deposition testimony in which she claimed that she had no trouble getting off her barstool and leaving the restaurant after having consumed at least two vodka martinis. In opposition, Reilly submitted the deposition testimony of the police officer and the plaintiffs who had observed her appearance and demeanor at the accident scene, as well as an expert affidavit from a forensic toxicologist, to demonstrate that she was visibly intoxicated within minutes of leaving Frankie B'Z. In the expert's opinion, "to a reasonable degree of toxicological certainty, Ms. Reilly would have been exhibiting obvious signs of intoxication when she was served her last drink".

The toxicologist's expertise regarding the effects of alcohol is sufficient to support the inference that his opinion is based on knowledge acquired through personal professional experience, lending credence to his opinion (see, Romano v Stanley, 90 NY2d 444, 452). Further, the expert affidavit includes the scientific data upon which his conclusions are based (see, Romano v Stanley, supra, at 451-452). The expert's affidavit, together with the eyewitness testimony, was sufficient to raise a triable issue of fact as to whether Reilly was visibly intoxicated when she was served the alcohol (see, Fiegl v 1695 Ridge Rd. Webster Inn Rest., 162 AD2d 1024; Wasserman v Godoy, 136 AD2d 631). Consequently, the Supreme Court properly denied Frankie B'Z's motion. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.