■ LYNDA ROY, as Administrator of the Estate of KAREN L. ROY, Also Known as KAREN ROY, Deceased, Respondent, v KENNETH VOLONINO et al., Defendants, and LISA's BLUE SPRUCE INN, INC., Appellant. [694 NYS2d 399] —In an action to recover damages for personal injuries and wrongful death, the defendant Lisa's Blue Spruce Inn, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated June 22, 1998, as denied that branch of its motion which was for summary judgment dismissing the causes of action asserted against it under the Dram Shop Act.

Ordered that the order is affirmed insofar as appealed from, with costs.

Shortly after leaving the premises of the defendant L & G Pub Inc., d/b/a Village Pub (hereinafter the Village Pub), the defendant Kenneth Volonino, while operating his motor vehicle, struck and killed Karen Lynn Roy. Volonino was arrested at the scene for driving while intoxicated and, approximately two hours later, was administered a test which indicated a blood alcohol content of .21%. Volonino subsequently pleaded guilty to driving while intoxicated. At the time of the plea, he admitted that he had consumed several beers at the Village Pub after finishing work there, and had then gone to the defendant Lisa's Blue Spruce Inn, Inc. (hereinafter the Blue Spruce Inn) for approximately 30 to 45 minutes, during which time he consumed an additional 20 ounces of beer. Volonino further

admitted to having returned to the Village Pub, where he consumed five more alcoholic beverages prior to leaving and causing the motor vehicle accident. The Blue Spruce Inn moved for summary judgment dismissing the complaint insofar as asserted against it, including the causes of action which alleged negligence and violation of the Dram Shop Act (*see,* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]). The Supreme Court denied that branch of the motion which addressed the violation of the Dram Shop Act. We affirm the order insofar as appealed from.

To sustain a claim under the Dram Shop Act, a plaintiff must establish that the defendant unlawfully sold alcohol to a visibly-intoxicated person (*see,* General Obligations Law § 11-101 [1]; Alcoholic Beverage Control Law § 65 [2]; *Jones v Kelly,* 201 AD2d 536). In support of its motion for summary judgment, the Blue Spruce Inn submitted a portion of its owner's deposition in which she stated that Volonino did not appear visibly intoxicated when he was served at the Blue Spruce Inn. In opposition, the plaintiff submitted the affidavit of a patron of the Village Pub who stated that Volonino appeared intoxicated upon reentering the Village Pub after having left the Blue Spruce Inn. The plaintiff also submitted an expert affidavit from a forensic toxicologist who, in his opinion, stated "with a large degree of medical and technical certainty, that defendant Volonino was visibly intoxicated when he was served his last beer at [the Blue Spruce Inn] establishment".

The toxicologist's expertise regarding the effects of alcohol is sufficient to support the inference that his opinion is based on knowledge acquired through personal professional experience, lending credence to his opinion (*see, Adamy v T.G.I. Friday's,* 92 NY2d 396; *Romano v Stanley,* 90 NY2d 444). Further, the expert's affidavit includes the scientific data upon which his conclusions are drawn (*see, Romano v Stanley, supra,* at 451-452). The expert's affidavit, together with the eyewitness's affidavit, was sufficient to raise a triable issue of fact as to whether Volonino was visibly intoxicated when he was served alcohol at the Blue Spruce Inn (*see, Marconi v Reilly,* 254 AD2d 463). Consequently, the Supreme Court properly denied the Blue Spruce Inn's motion concerning the cause of action which alleged Dram Shop Act violations. Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.