■ BRIAN REESE, Appellant, v STEPHEN SIERRA et al., Defendants, and PRUDENCE ORLA, INC., Doing Business as WEST COVE SEAFOOD RESTAURANT, Respondent. [792 NYS2d 629]—

In an action to recover damages for personal injuries, the plaintiff Brian Reese appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated December 19, 2003, as granted that branch of the motion of the defendant Prudence Orla, Inc., doing business as West Cove Seafood Restaurant, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when the vehicle in which he was a passenger was involved in a one-car accident. The driver, Stephen Sierra, was later convicted of driving while intoxicated. Before the accident, the plaintiff purchased alcoholic beverages for Sierra at Salivar's Bar and they continued to drink at Prudence Orla, Inc., doing business as West Cove Seafood Restaurant (hereinafter West Cove). The plaintiff commenced this action against, among others, Sierra, West Cove, Salivar's Bar, and Nenita D. Laurio, the owner of the vehicle. The plaintiff alleged, inter alia, that West Cove served alcoholic beverages to Sierra while he was visibly intoxicated in violation of General Obligations Law § 11-101, the Dram Shop Act. The Supreme Court granted that branch of the motion of West Cove which was to dismiss the complaint insofar as asserted against it on the ground that "the plaintiff caused or procured Sierra's intoxication." We agree.

Since the plaintiff procured an alcoholic beverage for the person whose intoxication caused the automobile accident, he has no cognizable cause of action predicated upon a violation of the Dram Shop Act (*see Lebron v Ballinger's, Inc.*, 253 AD2d 854 [1998]; *Prunty v Keltie's Bum Steer*, 163 AD2d 595 [1990]; *Campbell v Step/Lind Rest. Corp.*, 143 AD2d 111 [1988]; *Vandenburg v Brosnan*, 129 AD2d 793 [1987]). Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.