■ ARTURO FABIAN PINEDA, Appellant, v JAVAR CORPORATION et al., Respondents, et al., Defendants. (And a Third-Party Action.) [945 NYS2d 763]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 5, 2011, which granted the cross motion of the defendants Javar Corporation, Carlos Taborda, and Sarabanda Night Club for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the vehicle in which he was a passenger was involved in an accident. Before the accident, the plaintiff purchased alcoholic beverages for Jesus Moros, the driver of the vehicle, at the defendant Sarabanda Night Club (hereinafter Sarabanda). The plaintiff commenced this action against, among others, Sarabanda, Javar Corporation, the entity which owned Sarabanda, and Carlos Taborda, an owner of Sarabanda (hereinafter collectively the respondents). The plaintiff alleged, inter alia, that the respondents served alcoholic beverages to Moros while he was visibly intoxicated, in violation of General Obligations Law § 11-101, the Dram Shop Act.

The Supreme Court properly granted the respondents' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The respondents established, prima facie, that the plaintiff procured alcohol for Moros, which precludes the plaintiff from recovering against the respondents under the Dram Shop Act (*see Reese v Sierra*, 17 AD3d 439, 440 [2005]; *Campbell v Step/Lind Rest. Corp.*, 143 AD2d 111 [1988]; *Vandenburg v Brosnan*, 129 AD2d 793, 794 [1987], *affd* 70 NY2d 940 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.