Esposito v Rail Bar & Grill Corp. (2019 NY Slip Op 01198)





Esposito v Rail Bar & Grill Corp.


2019 NY Slip Op 01198


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01019
 (Index No. 706430/14)

[*1]Salvatore Esposito, appellant, 
v
Rail Bar & Grill Corp., et al., respondents, et al., defendants.


Scott Baron & Associates, P.C., Howard Beach, NY, for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (William H. Bave, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated December 22, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Rail Bar & Grill Corp. and GA & J Holding Corp. which was for summary judgment dismissing the cause of action alleging a violation of General Obligations Law § 11-101.
ORDERED that the order is affirmed insofar as appealed from, with costs.
At approximately 2:00 a.m. on June 22, 2014, the plaintiff allegedly was assaulted by two individuals who had been patrons that night at a bar operated by the defendants Rail Bar & Grill Corp. and GA & J Holding Corp. (hereinafter together the defendants). The plaintiff subsequently commenced this action, asserting, inter alia, a cause of action against the defendants alleging a violation of General Obligations Law § 11-101, known as the Dram Shop Act. The plaintiff alleged that the defendants served alcohol to the plaintiff's assailants when those assailants were visibly intoxicated, in violation of Alcoholic Beverage Control Law § 65, and thereby contributed to the intoxication of the plaintiff's assailants.
The defendants moved for summary judgment dismissing, inter alia, the cause of action alleging a violation of the Dram Shop Act, relying upon, among other things, the deposition testimony of the plaintiff and Jennifer Belovin, who was manager of the bar and the sole bartender on the night in question. The plaintiff testified that, while he was in the bar on the night in question, he observed the defendant Ronald Karl, one of the men who would later assault him, to be intoxicated, as Karl was engaged in behavior that the plaintiff considered odd, including taking his shirt off inside the bar and talking to himself. In contrast, Belovin testified that Karl did not appear to be intoxicated at any point during the evening, and had not come into the bar for the purpose of drinking. Both the plaintiff and Belovin testified that Karl and the plaintiff engaged in a verbal disagreement, and that the plaintiff then purchased a drink for Karl. Both the plaintiff and Belovin testified that tensions between Karl and the plaintiff later erupted again, ultimately leading to the physical altercation in which the plaintiff was allegedly injured. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act, and the plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of the Dram Shop Act. Viewing the evidence in the light most favorable to the plaintiff (see Pinilla v City of New York, 136 AD3d 774), the defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action. The plaintiff testified at his deposition that the plaintiff himself ordered and paid for the drink which the plaintiff now claims Karl was unlawfully served, despite the fact that the plaintiff had already personally observed signs of Karl's alleged visible intoxication. The plaintiff's procurement of the allegedly unlawful drink for Karl precludes the plaintiff from recovering under the Dram Shop Act (see Vandenburg v Brosnan, 129 AD2d 793, affd 70 NY2d 940; see also Pineda v Javar Corp., 96 AD3d 731; Campbell v Step/Lind Rest. Corp., 143 AD2d 111). In opposition to the motion, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court