Drive N.J. Ins. Co. v RT Hospitality Group, LLC (2025 NY Slip Op 02188)

Drive N.J. Ins. Co. v RT Hospitality Group, LLC

2025 NY Slip Op 02188

Decided on April 16, 2025

Appellate Division, Second Department

Love, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-05367OPINION & ORDER
 (Index No. 717279/21)

[*1]Drive New Jersey Insurance Company, etc., respondent, 
v
RT Hospitality Group, LLC, doing business as Atlantis Gentlemen's Club, appellant.

APPEAL by the defendant, in a subrogation action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, from an order of the Supreme Court (Janice A. Taylor, J.), dated June 8, 2022, and entered in Queens County. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss so much of the cause of action pursuant to General Obligations Law § 11-101 as sought to recover payments made by the plaintiff as to nonparty Lorain Abreu-Mateo and for property damage.

Kiernan Trebach LLP, New York, NY (Lori F. Graybow of counsel), for appellant.
Law Offices of Jan Meyer & Associates, P.C., New York, NY (Jonathan L. Leitman of counsel), for respondent.

LOVE, J.

DECISION & ORDER
In 1873, the Legislature enacted the first version of what is now commonly known as "the Dram Shop Act," a statute creating an exception to the common-law rule that "one who provided intoxicating liquor was not liable for injuries caused by the drinker" (D'Amico v Christie, 71 NY2d 76; see L 1873, ch 646). Since it was enacted, the Dram Shop Act has been amended and relocated on several occasions and is presently codified in General Obligations Law § 11-101 (see L 1963, ch 576 § 1, as amended by L 1980, ch 281 § 20; Civil Rights Law § 16, repealed by General Obligations Law § 19-101; Rutledge v Rockwells of Bedford, 200 AD2d 36). A question of apparent first impression before this Court on this appeal is whether a subrogee is permitted to maintain an action under the Dram Shop Act.
I. Relevant Facts and Procedural History
At all relevant times, the plaintiff, Drive New Jersey Insurance Company (hereinafter Drive Insurance), provided automobile insurance to Ironbound Fitness, LLC (hereinafter Ironbound), which owned a 2019 BMW i8 (hereinafter the vehicle). Drive Insurance alleged that on or about October 29, 2019, Hazem A. Aly, an employee of Ironbound, was present at a club owned by the defendant, RT Hospitality Group, LLC, doing business as Atlantis Gentleman's Club (hereinafter Atlantis), with Ashley M. Perez and Lorain Abreu-Mateo. Drive Insurance further alleged that although Aly, Perez, and Abreu-Mateo were visibly intoxicated, Atlantis, through its employees, continued to serve Aly, Perez, and Abreu-Mateo alcohol. Upon leaving Atlantis, Perez drove the vehicle, with Aly and Abreu-Mateo as passengers, and thereafter they were involved in a single-vehicle accident near the intersection of Grand Central Parkway and Meridian Road in Queens. Each occupant of the vehicle sustained injuries. As a result of the accident, Drive Insurance issued medical and related payments as to Perez in the amount of $27,755.40, Aly in the amount of $256,580.84, and Abreu-Mateo in the amount of $85,539.52, together with payments for damage to the vehicle in the amount of $131,719.72. Drive Insurance further alleged that its insured was forced [*2]to pay a deductible in the amount of $2,000. All together, Drive Insurance issued payments totaling $507,595.48.
In July 2021, Drive Insurance, as subrogee of Ironbound, commenced the instant action asserting a first cause of action pursuant to the Dram Shop Act and a second cause of action alleging common-law negligence. Under both causes of action, the plaintiff sought to recover the above amounts together with attorney's fees. In November 2021, Atlantis moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. In an order dated June 8, 2022, the Supreme Court granted, without opposition, those branches of Atlantis's motion which were to dismiss the second cause of action, so much of the first cause of action as sought reimbursement for payments made as to Perez, and the claim for attorney's fees. In addition, over the plaintiff's opposition, the court granted that branch of Atlantis's motion which was to dismiss so much of the first cause of action as sought reimbursement for payments made as to Aly on the ground that Aly had filed an action against Atlantis, and, therefore, Drive Insurance could only recover those payments by lien on that action (see Insurance Law § 5104[b]). The court denied the remaining branch of the motion, which was to dismiss so much of the first cause of action as sought to recover payments as to Abreu-Mateo and relating to vehicle damage. The court concluded that Atlantis's contention that an automobile insurer may not bring a subrogation action under the Dram Shop Act was without merit.
II. Discussion
General Obligations Law § 11-101(1) provides, inter alia, that
"[a]ny person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, . . . shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication."
A plaintiff generally may recover damages for personal injuries if he or she establishes that there was some reasonable or practical connection between an illegal sale of alcohol and the plaintiff's injuries (see Flynn v Bulldogs Run Corp., 171 AD3d 1136, 1137; Giordano v Zepp, 163 AD3d 781, 782; Covert v Wisla Corp., 130 AD3d 966, 967; Tavarez v Sidetracks, LLC, 128 AD3d 806, 807). However, "[t]he Dram Shop Act does not create a cause of action in favor of one injured as a result of his or her own intoxicated condition, and the mere youth of the injured person does not constitute an exception to the voluntary intoxication rule" (Kudisch v Grumpy Jack's, Inc., 112 AD3d 788, 789; see Sheehy v Big Flats Community Day, 73 NY2d 629, 635; O'Gara v Alacci, 67 AD3d 54, 57; Rudden v Bernstein, 61 AD3d 736, 738). In addition, a plaintiff who purchased alcohol for the tortfeasor cannot maintain a Dram Shop Act cause of action (see Esposito v Rail Bar & Grill Corp., 169 AD3d 870, 871; Pineda v Javar Corp., 96 AD3d 731).
"The purpose of subrogation is to 'allocate[ ] responsibility for the loss to the person who in equity and good conscience ought to pay it, in the interest of avoiding absolution of a wrongdoer from liability simply because the insured had the foresight to procure insurance coverage'" (Millennium Holdings LLC v Glidden Co., 27 NY3d 406, 414, quoting North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294). "Equitable subrogation 'entitles an insurer to stand in the shoes of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse'" (id. [internal quotation marks omitted], quoting ELRAC, Inc. v Ward, 96 NY2d 58, 75).
Atlantis contends that, because the Dram Shop Act does not expressly provide for subrogation, as compared to Insurance Law §§ 3440, 5213, and 5218, subrogation is not permitted under the Dram Shop Act. Atlantis further contends that, for public policy reasons, allowing for subrogation under the Dram Shop Act would shift the burden of economic loss onto dram shop keepers. Contrary to Atlantis's contention, there is no support in the statute which suggests that subrogation claims may not be made under the Dram Shop Act. Moreover, Atlantis's contention that allowing subrogation here would improperly shift liability onto dram shop keepers is without merit. All subrogation actions involve an insurer seeking to recover sums paid out, pursuant to a policy for which it received premiums, from the wrongdoer who caused the harm, rather than allowing that wrongdoer to escape all liability simply because the insured paid for insurance (see Millennium Holdings LLC v Glidden Co., 27 NY3d at 414). Accordingly, public policy and the purpose of equitable subrogation favor the subrogee over a dram shop keeper.
"On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Antoine v Kalandrishvili, 150 AD3d 941, 941; see Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 342). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Eccles v Shamrock Capital Advisors, LLC, 42 NY3d at 343 [internal quotation marks omitted]; see SV Vernon 43, LLC v Malik, 138 AD3d 730, 731).
Here, Drive Insurance alleged that Aly, Perez, and Abreu-Mateo were injured and the vehicle was damaged by Perez, who was visibly intoxicated at the time that Atlantis sold her alcohol. Accordingly, the Supreme Court properly determined that Drive Insurance was entitled to assert, as subrogee, a cause of action pursuant to the Dram Shop Act and that Drive Insurance stated a claim against Atlantis for violation of the Dram Shop Act. If the owner of the vehicle and the passengers have causes of action pursuant to the Dram Shop Act against Atlantis to recover damages arising out of the accident on the theory that Atlantis unlawfully served Perez when she was visibly intoxicated, causing the accident and their injuries, which causes of action do not fall into one of the exclusions discussed supra, then, since Drive Insurance alleges that it made payments as to the damaged vehicle and the injured passengers pursuant to the policy, Drive Insurance is entitled to stand in the shoes of its insured and seek indemnification from Atlantis based on Atlantis's alleged violation of the Dram Shop Act.
Atlantis's remaining contentions are without merit.
Accordingly, the order is affirmed insofar as appealed from.
BARROS, J.P., FORD and HOM, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, with costs.

2022-05367 ON MOTION
Drive New Jersey Insurance Company, etc.,
respondent, v RT Hospitality Group, LLC, doing
business as Atlantis Gentlemen's Club, appellant.
(Index No. 717279/21)

Appeal from an order of the Supreme Court, Queens County, dated June 8, 2022.
Motion by the appellant to strike stated portions of the respondents' brief on the ground that they raise certain arguments for the first time on appeal. By decision and order on motion of this Court dated October 23, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court